IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIXTY-TWO FIRST STREET, LLC, *et al.*, | No. C 11-01920 WHA |
| Plaintiffs, | |
| v. | **ORDER DISMISSING ACTION FOR LACK OF VENUE AND VACATING HEARING** |
| CAPITALSOURCE FINANCE LLC, | |
| Defendant. | |

**INTRODUCTION**

In this breach-of-contract action, defendant moves to dismiss based on the existence of an applicable forum-selection clause, or in the alternative, to transfer venue to the United States District Court for the District of Maryland. The contract between the parties contained a reasonable forum-selection clause specifying "any state or federal court of competent jurisdiction sitting in Montgomery County, Maryland" as the sole venue for disputes. There is no federal court *sitting* in Montgomery County, Maryland, however, so Maryland state court is the only court in which venue is properly laid. Defendant's motion to dismiss for lack of venue is accordingly **GRANTED**. The motion to transfer is **DENIED**.

**STATEMENT**

Plaintiffs Sixty-Two First Street, LLC, 78 First Street, LLC, 88 First Street, LLC, 518 Mission Street, LLC, First/Jessie, LLC, JP Capital, LLC, and Peninsula Towers, LLC, sue defendant CapitalSource Finance LLC, alleging breach of an oral modification to a written loan agreement. Plaintiffs filed this action in San Francisco County Superior Count on December 20,

1  2010, stating claims for breach of contract, fraud, breach of the covenant of good faith and fair

2  dealing, tortious interference, and promissory estoppel. Defendant removed this action on April

3  20, 2011.

4  Pursuant to a written loan agreement dated May 12, 2006, CapitalSource agreed to loan up

5  to 67.1 million dollars to plaintiffs. Plaintiffs owned real property in San Francisco and borrowed

6  the money from defendant to acquire additional property in the same vicinity. The loan

7  agreement is in the record and is referred to throughout the complaint. Plaintiffs are Nevada

8  LLCs and defendant is a Delaware LLC with its principal place of business in Maryland.

9  Plaintiffs allege that subsequent to the loan agreement CapitalSource agreed that plaintiffs could

10  obtain a junior loan and grant a junior security interest on their property but that subsequently

11  CapitalSource did not allow such junior loan, causing injury to plaintiffs. Plaintiffs do not

12  contend that the written loan agreement was not properly executed.

13  The Loan Agreement contained a forum-selection clause (Section 5.22 ("Governing

14  Law")), which — after designating a choice of Maryland state law — stated (emphasis added):

> Each of the parties hereto, to the extent permitted by law, knowingly, intentionally and voluntarily (i) submits to personal jurisdiction in Montgomery County, Maryland over any suit, action or proceeding by any person arising from or related to this Agreement or the Loan, (ii) *agrees that any such action, suit or proceeding may be brought exclusively in any state or federal court of competent jurisdiction sitting in Montgomery County, Maryland*, (iii) to the fullest extent permitted by law, it will not bring any action or proceeding in any other forum other than in Montgomery County, Maryland, and ([i]v) agrees that Montgomery County, Maryland is the proper venue for any suit, action or proceeding by any person arising from or relating to this Agreement or the Loan. Notwithstanding the preceding sentence, to the extent Lender believes it necessary or desirable to proceed against any collateral for the Loan, Lender may bring actions in other jurisdictions and Borrowers consent thereto.

22  In accordance with this clause, defendant seeks dismissal of the instant action under FRCP

23  12(b)(3). In the alternative, defendant moves to transfer the action to the District of Maryland.

**ANALYSIS**

25  Federal law governs the validity of a forum-selection clause. Forum-selection clauses are

26  presumptively valid and should not be set aside unless the party challenging enforcement of such

27  a provision can show it is unreasonable under the circumstances. *M/S Bremen v. Zapata Off-*

28  *Shore Co.*, 407 U.S. 1, 10 (1972). Both the Supreme Court and the Ninth Circuit have construed

the "unreasonable" exception narrowly.  A forum-selection clause is unreasonable if: (1) the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) enforcement would contravene a strong public policy of the forum in which suit is brought.  *Murphy v. Schneider Nat'l*, *Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (citing *Bremen*, 407 U.S. at 12–18).  To establish the unreasonableness of a forum-selection clause, a party has the "heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court."  *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996).

      The forum-selection clause in the instant suit does not meet the strict criteria for an exception to the contracted forum of Montgomery County, Maryland.  This is not a case of fraud or overreaching.  Plaintiffs are sophisticated business entities that negotiated a contract to borrow 67.1 million dollars.  Maryland is not so gravely inconvenient to plaintiffs that they will be "deprived of their day in court."  Finally, no public policy interests dictate that plaintiffs should be allowed to ignore the clear language of the contract they executed and litigate this issue in a venue other than Maryland.

      Plaintiffs' counter-arguments are unpersuasive.  *First*, plaintiffs argue that this forum-selection clause does not apply because this action is not one "arising from or related to this Agreement or the Loan."  Specifically, plaintiffs argue that their claims will not require interpretation of the loan agreement (Opp. 7).  Not so.  All of plaintiffs' claims arise from allegations that CapitalSource breached a subsequent oral agreement to allow junior financing and a junior lien on the property that secures the agreement (in which the forum-selection clause can be found).  This order finds that this action necessarily "aris[es] from or [is] related to [the Loan] Agreement or the Loan."

      *Second*, plaintiffs contend that the inclusion of the word "may" in addition to the word "exclusively" in the forum-selection clause renders it permissive rather than mandatory.  Again, the clause states that suit "may be brought exclusively in any state or federal court of competent jurisdiction sitting in Montgomery County, Maryland."  Contrary to plaintiffs, the plain meaning

3

of the clause is clear and mandatory. The word "exclusively" limits venue to any state or federal court sitting in Montgomery County, Maryland, whereas the word "may" simply permits the election between federal or state court in Montgomery County, Maryland.

*Third*, plaintiffs argue that the forum-selection clause should be found unenforceable because: (1) it has an unclear heading, and (2) it lacks mutuality because of the venue exception where defendant proceeds against collateral. As to the former, even if the heading of "Governing Law" were unclear (which it is not), this point is irrelevant. The clause was not the product of fraud or overreaching. As to plaintiffs' latter point, any action against collateral must proceed where the collateral is located, so this exception is both narrow and also contemplated by law otherwise. Defendant too is bound by the forum-selection clause in the non-collateral context. The decisions on arbitration clauses cited by plaintiffs are inapplicable. The forum-selection clause is not unreasonable.[1]

This order finds that the forum-selection clause in the loan agreement applies to this action and that plaintiffs have not carried their burden of showing that it should not be enforced. Plaintiffs will be held to the terms of their deal with CapitalSource. The forum-selection clause provides for "exclusive" venue in Montgomery County, Maryland, so venue in California is improper.

As to whether dismissal or transfer is more appropriate based on the application of the parties' forum-selection clause, district courts have the authority to either dismiss or transfer a case pursuant to FRCP 12(b)(3) and 28 U.S.C 1406.[2] Indeed, whether transfer or dismissal is appropriate "rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983) (citing *Cook v. Fox*, 537 F.2d 370, 371 (9th Cir. 1976)). As stated, in this action venue is proper "in any state or federal court of competent jurisdiction

---

[1] Plaintiffs' additional argument regarding the existence of jurisdiction is also inapposite; defendant has not contested jurisdiction.

[2] Although plaintiffs contend that analysis under 28 U.S.C. 1404 is more appropriate, this order disagrees, substantially for the reasons outlined in and based on the authorities cited by *Flake v. Medline Indus., Inc.*, 882 F. Supp. 947, 950–52 (E.D. Cal. 1995). *See also Doe 1 v. AOL LLC*, 552 F.3d 1077, 1080 (9th Cir. 2009) (analyzing propriety of transfer or dismissal pursuant to a forum-selection clause under Section 1406).

sitting in Montgomery County, Maryland." This order takes judicial notice of the fact that the United States District Court for the District of Maryland does not have a courthouse in Montgomery County and therefore does not *sit* in Montgomery County. Therefore, transferring this action would be unavailing as venue is only proper in Maryland state court in Montgomery County. *See Guenther v. Crosscheck Inc.*, No. C 09-01106 WHA, 2009 WL 1248107, at *4 (N.D. Cal. Apr. 30, 2009) (forum-selection clause that stated suit "shall be brought in the courts of Sonoma County, California" did not include federal district court because federal court is not a court "of" a state county). Dismissal of this action is the proper result; plaintiffs may re-file their suit in state court in Montgomery County, Maryland.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss for lack of venue is **GRANTED**. The motion to transfer is **DENIED**. The hearing on June 16 is **VACATED**. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 6, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5